UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ONE HUNDRED TEN THOUSAND | ) |
| DOLLARS IN U.S. CURRENCY ($110,000.00), | ) |
| | ) |
| Defendant. | ) |

## **VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jonathan Clow, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about March 31, 2022, and is described more fully as one hundred, ten thousand dollars in U.S. currency ($110,000.00) (the "defendant property").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

1

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

11. Andranik Marsikyan ("Marsikyan") is a resident of Renton, Washington.

12. Marsikyan is married to Mariam Vardanyan ("Vardanyan").

13. On or about March 31, 2022, Marsikyan and Vardanyan were travelling in a white 2018 Toyota Tacoma ("Tacoma") headed west on Interstate 70 within the Eastern District of Missouri. Marsikyan was driving the vehicle, and Vardanyan was in the front passenger seat.

14. At approximately 3:53 a.m., law enforcement officers observed the Tacoma driving on westbound Interstate 70 near Wentzille Parkway. The Tacoma crossed the lines between the lanes and the shoulder of the highway multiple times. Officers then conducted a traffic stop of the Tacoma near mile market 204.

15. The officers approached the Tacoma and made contact with Marsikyan and Vardanyan. Marsikyan handed the officers his driver's license. At the officers' request, Marsikyan agreed to exit the Tacoma and accompany one of the officers to the patrol vehicle for a records

check.

16. While in the patrol vehicle, an officer asked Marsikyan about his travel itinerary. Marsikyan told the officer that he and Vardanyan were driving to Washington. Marsikyan said they had driven on a road trip from Washington to Florida for one day and had travelled to several "red states." When the officer asked further questions, Marsikyan said they were looking at places along the way and had been travelling for a week.

17. The officer asked Marsikyan if he had any narcotics or large amounts of U.S. currency in the Tacoma, and Marsikyan said no. Marsikyan then said there were some homemade THC brownies in the vehicle.

18. Meanwhile, another officer spoke with Vardanyan in the Tacoma. The officer asked Vardanyan where she and Marsikyan had travelled, and Vardanyan said she did not know where they had travelled but knew they went to "red states."

19. Marsikyan consented to a search of the Tacoma. Officers searched the Tacoma and located a partial tray of homemade brownies under the driver's seat. Officers also located a black duffle bag in the rear seat on the driver's side seat. Inside the black duffle bag, officers found a large amount of U.S. currency ("the defendant property") that was wrapped in rubber-banded bundles and appeared to be packaged in thousand-dollar increments.

20. A subsequent count of the U.S. currency determined that the defendant property was comprised mostly of $20 denominations.

21. An officer asked Marsikyan about the U.S. currency, and Marsikyan said the money belonged to him. Marsikyan said he carried the money around in a duffle bag so he could purchase things during his travels. Marsikyan said the bag contained $30,000.00 in U.S. currency. The officer asked if the money had been withdrawn from a bank, and said he received the money in

2020 from a settlement related to an injury accident. Marsikyan again stated the amount of U.S. currency was $30,000.00.

22. An officer asked Vardanyan about the U.S. currency, and Vardanyan claimed to be unaware of the U.S. currency in the Tacoma.

23. The Tacoma was moved to a nearby Missouri State Highway Patrol weigh station for further investigation. An officer asked Marsikyan if Vardanyan knew about the U.S. currency in the Tacoma, and he said she did not. Marsikyan said he withdrew the currency over several years and transactions. The officer asked if he had spent any currency from the bag, and Marsikyan said it might be closer to $29,000.00 because he had spent some of it. Marsikyan indicated that he had receipts from the trip in the Tacoma.

24. During a search of the Tacoma, officers discovered a single receipt from a restaurant in Nebraska dated March 28, 2022. The receipt indicated the transaction was paid for using a debit or credit card.

25. An officer asked Vardanyan if she and Marsikyan had purchased anything on their trip, and Vardanyan said they were trying to purchase a semi-truck. Vardanyan did not have any specific dealerships or listings on any trucks for sale.

26. A certified drug detection canine was deployed for a discretionary sniff of the defendant property. The canine gave an affirmative response to the presence of a controlled substance on the defendant property.

### COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

27. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

28. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking. In addition, the defendant property was found concealed in a duffle bag in the rear seat of a vehicle occupied by Marsikyan and Vardanyan, who provided inconsistent stories of its source, ownership, and intended use. Finally, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

29. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## *COUNT TWO – FORFEITURE*
**18 U.S.C. § 981(a)(1)(A)**

30. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

31. The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Marsikyan and Vardanyan with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of proceeds of, a specified unlawful activity.

32. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## *COUNT THREE – FORFEITURE*
**18 U.S.C. § 981(a)(1)(C)**

33. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

34. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Marsikyan and Vardanyan in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

35. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jonathan A. Clow*
JONATHAN A. CLOW, #68003(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone: (314) 539-2200
Facsimile:    (314) 539-2777
Jonathan.Clow@usdoj.gov

7

## **VERIFICATION**

I, Michael T. Gilyon, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5/5/2023
(date)

_____
Michael T. Gilyon
Task Force Officer
Drug Enforcement Administration